IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| J.W. THIBODEAUX | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:07CV1014 LG-JMR |
| | § | |
| CROWLEY LINER SERVICES, | § | |
| INC., ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER TO REMAND CASE
TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

THIS MATTER COMES BEFORE THE COURT upon the Plaintiff's Motion to Remand [19]. Plaintiff filed this lawsuit in the Harrison County, Mississippi, Circuit Court, complaining of the Defendants' negligent failure to secure their shipping containers and products so as to avoid the destruction of Plaintiff's property during Hurricane Katrina. Defendant Crowley Liner Services, Inc. filed a notice of removal, in which the remaining Defendants joined. Crowley contends that Defendant Duratex North America, Inc., a Mississippi corporation, has been improperly joined in order to defeat what would otherwise be complete diversity of the parties. For the reasons stated below the Court finds that the Crowley has failed to establish the improper joinder of the non-diverse defendant, Duratex. Accordingly, this case will be remanded to the Circuit Court of Harrison County, Mississippi.

DISCUSSION

The diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Such diversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant. *Hart v. Bayer Corp.,* 199

F.3d 239, 243-46 (5th Cir. 2000).  Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).  The burden of persuasion on those who claim improper joinder is a heavy one and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor. *Id*. at 649.

In reviewing a remand motion based upon a claim of improper joinder the district court may pierce the pleadings and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Id*.  Although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard. *Id*. at 648-49.  Here, actual fraud is not alleged.  Thus, Crowley must "put forward evidence that would negate a possibility of liability on the part" of the non-diverse Defendant. *Id.* at 650; *See also McKee v. Kansas City Southern Ry. Co.,* 358 F.3d 329 (5th Cir. 2004).

Thibodeaux's complaint states that he had a home in Gulfport, Mississippi, a few blocks from the beach.  During Hurricane Katrina, crates of lumber, fence boards, paper rolls, shipping containers and other goods that had been stored at the Mississippi Port Authority at Gulfport were moved inland by the storm surge and destroyed Thibodeaux's home.  Thibodeaux alleges that the Defendants, including Duratex, should have been aware of the risk of damage caused by storm-surge-transported items stored at the Port after similar experiences during Hurricane Camille.  Finally, Thibodeaux alleges that the Defendants' failure to remove or secure the

containers and other goods from the Port before Katrina made landfall was the proximate cause of his damages.  In response, Crowley asserts that Thibodeaux will be unable to show that Duratex owed Thibodeaux any duty, or that its failure to act on a duty was the cause of Thibodeaux's damages.  In support of its assertions, Crowley offers the affidavits of Duratex's General Manager, Jan Dejonghe, who stated that in his opinion none of their wood products were present on Plaintiff's property after the storm.[1]

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  There are rare cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  This is not such a case.[2]  The affidavit is at odds with the factual allegations in the complaint.  In addition, the question of whether Duratex products caused damage to Thibodeaux's home is not a fact that easily can be disproved if not true.  Although Crowley's affidavit evidence is probative of Duratex's liability, it falls short of establishing that, as a matter of law, Duratex products did not cause damage to Thibodeaux's home.  Instead, Crowley invites the Court to move "beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly

---

[1] *See* Def. Notice of Removal, Ex. 8.  Mr. Dejonghe states that "it is my opinion that no (sic) Duratex's wood products appear to be present in the photographs alleged to be the Plaintiff's property."

[2] Examples of appropriate situations for a summary judgment-type procedure are when 1) the in-state doctor defendant did not treat the plaintiff patient, 2) the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, 3) a party's residence was not as alleged, or 4) any other fact that easily can be disproved if not true.  *Smallwood*, 385 F.3d at 574 n. 12.

joined." *Id.* at 574.

Crowley has failed meet the heavy burden required to establish improper joinder. Considering the allegations of the complaint as set out above, the Court finds that Thibodeaux's claims against Duratex provide a reasonable basis for predicting that Thibodeaux might be able to recover against Duratex in state court. The Court therefore finds that it lacks jurisdiction of this case, and it should be remanded to the state court from which it was removed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. 1447(c).

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE